**[J-33-2022] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

IN THE INTEREST OF K.N.L., A MINOR

APPEAL OF: L.B. A/K/A T.B.

: No. 1 EAP 2022
:
: Appeal from the Judgment of
: Superior Court entered on
: September 28, 2021 at No. 409 EDA
: 2021 affirming in part, vacating in
: part and remanded in part the Order
: dated January 26, 2021 in the Court
: of Common Pleas, Philadelphia
: County, Juvenile Division at No. CP-
: 51-AP-0000172-2017.
:
: ARGUED:  May 18, 2022

CONCURRING OPINION

**JUSTICE DONOHUE**                                     **DECIDED:  October 19, 2022**

I join the Majority's well-reasoned decision.  I write separately to distill for the sake of clarity the points of law arising from this Court's jurisprudence involving attempts by non-foster parents to adopt a child in the custody of a county agency.  As thoroughly addressed by the Majority, such attempts have been reported in two distinct procedural circumstances:  as in the instant case, by way of filing of a petition to intervene in an existing adoption proceeding, *see, e.g., In re Adoption of Hess*, 608 A.2d 10 (Pa. 1992) ("*Hess*"); or by way of filing an original adoption petition, *see, e.g., In re Adoption of J.E.F.*, 902 A.2d 402 (Pa. 2006) ("*J.E.F.*").

When a petition to intervene is filed, the proposed intervenor must meet one of the criteria enumerated in Pa.R.C.P. 2327.[1] Relevant to intervention in an adoption proceeding, I agree with the Majority that a person shall be permitted to intervene if the determination of the adoption petition may affect any legally enforceable interest of the proposed intervenor. Pa.R.C.P. 2327(4).[2] Majority Op. at 29.

When an adoption petition is filed and the petitioner's standing to adopt is challenged by the agency, the petitioner must establish that she has a substantial, direct

---

[1] Rule 2327 provides as follows:

> **Rule 2327. Who May Intervene**
>
> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
>
> (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

[2] As the relevant intervention factor, *Hess* pointed to 2327(3). *Hess*, 608 A.2d at 12. While the holding in *Hess* supports the proposition that the grandparents, proposed intervenors, could have filed their own cognizable adoption petition, the mechanism by which they could have joined as an original party to the pending action or could have been joined in it is unclear.

and immediate interest in pursuing the adoption that distinguishes her interest from the common interest of other citizens. *J.E.F.*, 902 A.2d at 412.

The Majority's standing formulation - i.e., the non-foster parent third party must demonstrate a genuine and substantial interest in formulating a permanent relationship with the adoptee-child, which surpasses the interest of ordinary, unrelated strangers - recognizes that demonstrating in loco parentis status establishes the necessary interest and thus standing to pursue adoption. Majority Op. at 28, 31-36. This same interest is one that is legally enforceable and thus can serve as the predicate for intervention under Rule 2327(4) as relevant under the procedural posture of the case before us.

In summary, in a petition to intervene, demonstrating in loco parentis status establishes the legally enforceable interest that the pending adoption action may affect. This legal interest that is necessary for intervention is the same as the substantial interest that would have to be demonstrated to establish standing to adopt.